UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANDRE L. SHEFFIELD,

    Plaintiff,

v.                                            Case No. 5:24-cv-281-TKW-MJF

MICHAEL BROWN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's first amended complaint, the undersigned recommends that the District Court dismiss this action for maliciousness under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history. The undersigned makes this recommendation even though—because of the statute of limitations—dismissal likely will preclude Plaintiff from asserting his claims.

### I. Background

Plaintiff is a prisoner—as defined by the Prison Litigation Reform Act of 1995 ("PLRA") Pub. L. No. 104-134, 110 Stat. 1321 (1996)—and currently in the custody of the Florida Department of Corrections.

On December 11, 2024, Plaintiff commenced this civil action. Doc. 1 at 1. On January 6, 2025, Plaintiff requested leave to amend his complaint so that he could disclose his litigation history. Doc. 5. On January 13, 2025, Plaintiff filed his proposed first amended complaint. Doc. 8. The undersigned accepted Plaintiff's first amended complaint for filing, and it is now the operative complaint. Doc. 12. The only substantive difference between the list of cases disclosed in the original complaint and the list of cases disclosed in the first amended complaint is the disclosure of three cases filed in the United States Court of Appeals for the Eleventh Circuit: *Sheffield v. Brown*, No. 23-10698; *In re: Andre Sheffield*, No. 12-13882; and *Sheffield v. Lamblin*, No. 05-11243. Doc. 8-1 at 5.

## II. Discussion

### A. Screening of Plaintiff's Complaint

Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*,

888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I,* 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147, at *1 (11th Cir. Oct. 16, 2023).

### B.     Plaintiff's Disclosures

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 8 at 19; *Cf.* Doc. 1 at 18. Specifically, the complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

Doc. 8 at 20–21; *Cf.* Doc. 1 at 19–20. Additionally, the complaint form instructs that if the plaintiff responded, "Yes" to any of these questions, then plaintiff must disclose <u>all</u> responsive cases. Doc. 8 at 20–21; *Cf.* Doc. 1 at 19–20.

Plaintiff responded, "Yes" to Questions A, B, and C. *Id*. He attached a list of cases responsive to these questions to his original complaint and first amended complaint. Doc. 8-1; *Cf.* Doc. 1-1. In total, his first amended complaint disclosed 113 federal cases and 15 state cases. Doc. 8-1.

At the end of the first amended complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 8 at 23–24.

C. **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his original complaint and first amended complaint, Plaintiff failed to disclose the following appeals filed in the First District Court of Appeals and the Supreme Court of Florida:

- *Sheffield v. State of Florida*, No. 1D2015-3337 (Fla. 1st DCA Nov. 12, 2015);

- *Sheffield v. State of Florida*, No. SC2000-0682 (Fla. Sup. Ct. Jul. 5, 2001) (challenging sentence under Prison Releasee Reoffender Act); and

- *Sheffield v. State of Florida*, No. SC2000-0720 (Fla. Sup. Ct. Sep. 6, 2001) (rehearing denied Sept. 6, 2001).

These cases are attributable to Plaintiff because he admitted filing these cases in other civil actions. Doc. 8-1 at 10. These cases were responsive to Question C on the complaint form because they are state court appeals challenging Plaintiff's conviction.

Because he failed to disclose these cases in his original complaint and his first amended complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

## D. The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes"

> provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial

machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where Plaintiff is litigious and has filed a substantial number of cases in state and federal courts. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint forms as detailed above. He knew from reading the complaint forms that he was required to disclose *all prior* federal cases and appeals. Doc. 8 at 21; *Cf.* Doc. 1 at 20. The complaint forms expressly warned Plaintiff that

the case could be dismissed for failing to disclose all cases. Doc. 8 at 19; *Cf.* Doc. 1 at 18 (***Be advised that failure to disclose all prior state and federal cases—including but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

Furthermore, "it is Plaintiff's responsibility, not the Court's, 'to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case.'" *Washington v. Dyas*, 5:22-CV-285-TKW-MJF, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023) (quoting *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla Jan. 8, 2021)). If Plaintiff did not have information about all of his cases and appeals, he could (and should) have requested it from the appropriate clerks' office before filing a new case. *Id.*; *see* Fed. R. Civ.

P. 11(b)(3) (By signing and presenting a pleading to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support." (emphasis added))

Assuming Plaintiff could not remember these appeals, or was unsure whether to disclose them, Plaintiff could have indicated that on the complaint form. He did not. Rather, he affirmatively and *falsely* stated that he had only filed the fifteen state court cases identified in the original complaint and first amended complaint.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.  The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses to go unpunished. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's disclosure requirements").

Here, the alleged incident giving rise to Plaintiff's claim occurred on April 21, 2021. Doc. 8 at 11. Therefore, Florida's four-year statute of limitations likely would preclude Plaintiff from refiling this action.

"[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 (11th Cir. 1993)). Because dismissals with prejudice are drastic remedies, they are not appropriate unless the District Court finds both: (1) a clear record of delay or willful misconduct; and (2) that lesser sanctions are inadequate to correct the conduct. *Id.* (citing *Zocaras v. Castro*, 465 F. 3d. 478, 483 (11th Cir. 2006)). "Mere negligence is insufficient to justify a finding of delay or willful misconduct." *Id.*

Plaintiff's repeated failure to fully disclose his litigation history is not mere negligence and constitutes clearly willful misconduct. Prior to filing his complaint, Plaintiff filed three separate lawsuits in the Northern District of Florida stemming from the same set of facts:

- *Sheffield v. Warren*, (*Sheffield I*), No. 4:22-cv-409-AW-MJF, (dismissed for maliciousness because Plaintiff's complaint disclosed sixteen state court cases filed with the First District Court of Appeal but only one federal lawsuit) (N.D. Fla. Nov. 15, 2022);

- *Sheffield v. Brown*, (*Sheffield II*), No. 5:23-cv-192-TKW-MJF, (dismissed because Plaintiff had incurred at least "three strikes" under 1915(g)) (N.D. Fla, July 13, 2023); and

- *Sheffield v. Brown*, (*Sheffield III*) No. 5:23-cv-238-TKW-MJF, (dismissed for maliciousness, in part, because Plaintiff failed to disclose two state court cases filed with the First District Court of Appeal) (N.D. Fla. Sept. 11, 2023).

In each of these cases, Plaintiff disclosed his prior state court case, *Sheffield v. State of Florida*, Case No. 1D2015-3337 (Fla. 1st DCA Nov. 12, 2015), ("Case No. 1D2015-3337"), which he failed to disclose in his original or first amended complaints.

Upon the filing of every *pro se* case–including Plaintiff's recent filings in *Sheffield I*, *Sheffield II*, and *Sheffield III*–the clerk of the court mails the litigant a memorandum instructing them to keep a copy of all documents filed or received in the case. *See* Doc. 3. Litigants also are mailed a copy of every order entered in the case, including those disposing of the case. Plaintiff bears the responsibility to maintain a record of the cases he has filed and the results of the litigation.

Plaintiff's disclosures in *Sheffield I*, *Sheffield II*, and *Sheffield III* demonstrate his direct knowledge of sixteen separate cases filed with the First District Court of Appeal, including Case No. 1D2015-3337. Plaintiff has been well-informed of his responsibility to maintain copies of all documents filed in each case, as well as the requirement to disclose all prior lawsuits, petitions, and appeals. Given that Plaintiff had disclosed Case No. 1D2015-3337 in all three prior filings in the Northern District of Florida arising from the same incident at issue in his current complaint, his failure to disclose the case demonstrates an intentional disregard for his responsibility to maintain a record of his cases and disclose all prior lawsuits.

Plaintiff has also been advised to request his litigation history from the appropriate clerks of court. *See Sheffield III*, ECF No. 12, (N.D. Fla. Dec. 14, 2023). Nevertheless, Plaintiff neglected to request case information from the Florida Supreme Court or the various circuit courts that gave rise to his state court appeals. The District Court has cautioned Plaintiff that the time spent verifying a plaintiff's litigation history can be considerable, particularly where the plaintiff is litigious. *Id*. Plaintiff made no apparent effort to request his Florida Supreme Court or circuit

court filings–which would have required separate inquiries to each circuit court. Rather, he ignored his obligation to request and disclose his case information either to avoid the effort necessary to verify his cases, or intentionally mislead the court.

Plaintiff's conduct is especially egregious considering his pattern of abusing the judicial process. Plaintiff has filed *104 separate cases in the Middle District of Florida.* On May 15, 2023, a district judge issued a standing order noting that Plaintiff continuously fails to comply with orders and refuses to provide all the information required by the complaint form. *See In re Andre L. Sheffield*, No. 3:23-mc-16-TJC-JBT, ECF No.1, Standing Order, (M.D. Fla May 15, 2023) ("[U]pon receipt of a pro se filing by Mr. Sheffield, the Clerk's Office shall place the filing on the docket . . . . The District Judge will review the filing, and if the filing is deemed procedurally deficient, or otherwise due to be dismissed, the Judge will direct the Pro Se Litigation Specialist to enter this Standing Order dismissing the case."). Plaintiff has repeated this pattern in each of the four cases he has filed in the Northern District of Florida. The District Court dismissed both *Sheffield I* and *Sheffield III* for maliciousness after Plaintiff failed to disclose completely and honestly

his litigation history. *See Sheffield I*, ECF No. 17, Order Adopting Report and Recommendation, (N.D. Fla. Feb. 6, 2023); *Sheffield III,* ECF No. 14, Order, (N.D. Fla. Dec. 9, 2023). Furthermore, the District Court dismissed *Sheffield II* under the "three strikes statute" due to repetitive and procedurally deficient filings. *See Sheffield II*, ECF No. 15, (N.D. Fla. Aug. 22, 2023). The orders in each of these cases fully explained the consequences of abusing the judicial process by filing deficient documents with the District Court. Nevertheless, Plaintiff once again failed to fully disclose his litigation history in his current complaint.

Plaintiff is a frequent filer in federal courts and has been explicitly warned that courts "cannot tolerate false or misleading responses in pleadings or motions." *Sheffield III*, ECF No. 12, (N.D. Fla. Dec. 14, 2023). He has been fully informed of his responsibility to maintain case information, his obligation to request case information from the courts, the requirement to disclose all cases when filing a complaint, and the consequences of failing to do so. Plaintiff's failure to provide a full litigation history after filing over 100 cases in the Middle District of Florida and having three cases arising from the same incident filed in the Northern District of Florida dismissed for maliciousness or having "three

strikes" constitutes more than mere negligence and reaches the level of intentional misconduct.

Plaintiff also unnecessarily delayed filing his current complaint for over one year. The incident giving rise to *Sheffield I*, *Sheffield II*, *Sheffield III*, and this case allegedly occurred on April 21, 2021. Plaintiff filed *Sheffield I* on November 15, 2022, and the case was dismissed by the Eleventh Circuit on April 18, 2023. Plaintiff filed *Sheffield II* on July 13, 2023, which was dismissed under the "three strikes" statute on August 22, 2023, and he filed *Sheffield III* on September 11, 2023. After *Sheffield III* was dismissed on December 29, 2023, Plaintiff waited nearly one year, until December 11, 2024, to file his complaint. Furthermore, he did not file his first amended complaint disclosing additional cases provided by the Eleventh Circuit until January 13, 2025, just three months shy of the statute of limitations. Plaintiff's delay in filing the current action until just before the statute of limitations. Plaintiff could have filed his complaint during the nearly 12-month gap between filings, but inexplicably chose not to, indicating an intentional delay.

Plaintiff has shown both willful misconduct and a record of delay in filing this action, which justify dismissal without prejudice despite

Page 16 of 19

running of the statute of limitations. For the reasons discussed below, lesser sanctions would be inadequate to correct Plaintiff's misconduct.

## F. No Lesser Sanction Would Suffice

A sanction less than dismissal would not suffice to deter Plaintiff's conduct. For example, providing Plaintiff a second opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required").

Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Furthermore, neither the standing order issued by the Middle District of Florida nor the District Court's dismissal of Plaintiff's three civil actions filed in the Northern District of Florida have deterred Plaintiff from once again failing to disclose completely and honestly his litigation history. Dismissal would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam). In this case, the substantial sanction, which is tantamount to a dismissal with prejudice, is justified by Plaintiff's repeated misrepresentations and willful misconduct, the record of delay, and the need to deter Plaintiff's continued abuse of the judicial process.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>22nd</u> day of April, 2025.

                               /s/ *Michael J. Frank*
                               **Michael J. Frank**
                               **United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**